

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**TRISH M. BROWN**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

NANCY C. ANTAL
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

July 21, 2006

Roger Gould
Roger Gould PC
P.O. Box 29
Coos Bay, OR  97420

Howard M. Levine
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205

Roger D. Alvey
15760 NW Overton Drive
Beaverton, OR  97006

      Re:    In re Murray D. Etheridge and Marcia L. Etheridge, Case No. 305-40182-tmb7
              Jeffrey Marineau v. Roger D. Alvey and Murray D. Etheridge,
              Adversary Proceeding No. 06-3130-tmb

Gentlemen:

      The purpose of this letter is to announce my decision on the Motion for Reconsideration and the Motion for Stay Pending Appeal filed by defendant Roger D. Alvey (hereinafter 'Mr. Alvey"). For the reasons set forth below, the court will deny the Motion to Reconsider but grant the motion for stay pending appeal.

## FACTS

      On August 25, 2005, Defendant Murray Etheridge (hereinafter "Mr. Etheridge"), along with his wife, filed a voluntary Chapter 7 petition. One day later, on August 26, 2005, Plaintiff, Jeffrey Marineau (hereinafter "Mr. Marineau") filed a breach of contract action against Messrs. Alvey and Etheridge in Coos County Circuit Court for the State of Oregon ("State Court Action"). Mr. Alvey was served with a copy of the summons and complaint on December 23, 2005.

      On  January 25, 2006,  Mr. Alvey attempted to file a Notice and Application for Removal to the United States Bankruptcy Court District of Oregon seeking to remove the State Court Action to this court. The notice was returned to Mr. Alvey, unfiled, due to his failure to sign it or pay the required filing fee.

On March 3, 2006, Mr. Alvey again attempted to file a Notice of Removal. At the same time he attempted to file a Written Request and Motion to for a Hearing to Allow Late Submission of Notice of Removal and Supporting Documents. On March 6, 2006, the court returned the second Removal Notice and the Written Request because Mr. Alvey had failed to attach copies of the state court pleadings to his notice of removal and failed to provide certificates of service for either document.

On March 7, 2006, Mr. Alvey successfully filed a Notice and Application for Removal (hereinafter the "Removal Notice") and a Written Request and Motion for Hearing to Allow late Submission of Notice of Removal and Supporting Documents (hereinafter "Written Request). In his Written Request Alvey asked that the court treat January 25, 2006, the date he originally attempted to file the Removal Notice, as the actual filing date. He explained that his failure to immediately re-file the Removal Notice after it was returned to him was due to the fact that he lacked the funds to pay the required filing fee.

On March 21, 2006, the court held a status conference on the Removal Notice at which the court raised concerns about the timeliness of the Removal Notice.

On April 12, 2006, Mr. Etheridge filed an Objection to Amended Notice and Application for Removal. (hereinafter "Objection to Notice of Removal"). In his Objection to the Notice of Removal, Mr. Etheridge contended that the removal notice was untimely. In addition, he contended that "even if the Application for Removal were timely, the action against [him] would still be stayed and he should have no obligation to defend against the claim in the removed action."

On May 24, 2006, Mr. Alvey filed a Motion to Strike Objection to Removal (hereinafter "Motion to Strike") in which he contended that the "objection occurred outside the strict 30 day time limit for making such objections to removal due to procedural defects . . . ."

On May 31, 2006, the court held a continued status conference on the Removal Notice. At that hearing the court held that the removal notice was not timely and that the case would be remanded to state court. As a result of its decision, the court held that the Motion to Strike was moot.

On June 19, 2006 Mr. Alvey filed a Motion for Reconsideration of The Motion to Strike and Order to Remand and Set Aside Order of Remand Entered on May 31st 2006 or in the Alternate for Leave to Seek Appeal. On the same day Alvey filed a Motion to Stay Pending Appeal.

On June 28, 2006, the court entered the Order Denying Removal and remanded the State Court Action back to Coos County Circuit Court. On July 13, 2006, Mr. Alvey filed a Notice of Appeal from the oral order entered on May 31, 2006.

LEGAL ANALYSIS

Mr. Alvey's Removal Notice states that he is seeking removal pursuant to 28 U.S.C. §§ 1441 and 1452 and Bankruptcy Rule 9027. Section 1441 is a general removal statute which provides, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In this instance, the State Court Action is not one in which a U.S. District Court would have original jurisdiction nor does it arise "under the Constitution, treaties or laws of the United States." Both the Plaintiff and the Defendants in the State Court Action are residents of the State of Oregon, the State in which this action was originally brought. Thus, there is no grounds for removal of the state court action under 28 U.S.C. § 1441.

Although Mr. Alvey is not entitled to remove this action under the authority of § 1441, he is entitled to do so under the authority of § 1452. This section provides:

> "(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section

>      158(d), 1291, or 1292 of this title or by the Supreme Court of the United States
>      under section 1254 of this title."

The procedure for filing a notice of removal under 28 U.S.C. § 1452 is set forth in Fed. R. Bankr. P. 9027. With respect to the timing of a notice of removal this section provides, in relevant part:

>      " (a)  NOTICE OF REMOVAL.
>
>      . . .
>
>      "(3)  TIME FOR FILING: CIVIL ACTION INITIATED AFTER
>      COMMENCEMENT OF THE CASE UNDER THE CODE.  If a claim or cause
>      of action is asserted in another court after the commencement of the case under
>      the Code, a notice of removal may be filed with the clerk only within the shorter
>      of (A) 30 days after receipt, through service or otherwise, of a copy of the initial
>      pleading setting forth the claim or cause of action sought to be removed, or (B) 30
>      days after receipt of the summons if the initial pleading has been filed with the
>      court but not served with the summons."

In this case, the State Court Action was commenced one day after Mr. Etheridge filed his voluntary Chapter 7 petition. Therefore, timeliness of the Notice of Removal is governed by subsection (a)(3) of Rule 9027.

Mr. Alvey contends that he was served with the summons and complaint in the State Court Action on December 23, 2006. Under Rule 9027, he was required to file any notice of removal within 30 days of that date or by January 22, 2006. However, January 22, 2006 was a Sunday. Accordingly, under Fed. R. Bank. P. 9006(a), Mr. Alvey had until Monday, January 23, 2006, within which to file his removal notice. He attempted to do so on Wednesday, January 25, 2006. However, as noted above, the initial removal notice was returned un-docketed and was not properly re-filed until March 7, 2006, well outside the 30 day time limit set forth in Rule 9027.

Mr. Alvey conceded that his March 7, 2006, Removal Notice was not timely filed, but contended that the January 25, 2006, notice was timely. In addition, he contended that this court should treat the original filing date as the date of filing "in as much as that was the date the parties to this action were made aware and put on notice that these issues were being filed . . . ." He asked that the court "excuse his tardy submission of [the] corrected pleadings due to his inability to pay the $250.00 filing fees." Finally, he contended that the court lacked the authority to remand the matter to state court because the Objection to Notice of Removal was not timely filed.

In support of his position that the Notice of Removal was not timely filed Mr. Alvey cites 28 U.S.C. § 1447(c). This section provides: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Mr. Alvey's reliance on this section is misplaced.

The deadline for filing a motion to remand set forth in 28 U.S.C. § 1447(c) applies only to notices of removal under section 1446(a) which sets forth procedure for removal under § 1441. The procedure for removal under § 1452, the removal statute at issue in this case, is set forth in Rule 9027 of the Federal Rules of Bankruptcy Procedure. Thus, the time limit for seeking remand set forth in § 1147(c) is inapplicable to this proceeding. 10 Colliers on Bankruptcy 15th Ed. ¶ 9027.09 at page 9027-14 ("Unlike in 28 U.S.C. § 1447(c), which provides that a motion to remand 'must be made within 30 days after the filing of the notice of removal' no time limit is contained in either section 1452 or Rule 9027 for a motion to remand."). See also, In re Hotel Mt. Lassen, Inc., 207 B.R. 935, 939 (Bankr. E.D. Cal. 1997) ("The principle of comfortable coexistence for 1447(c) and 1452(b) [adopted by the Supreme Court in Things Remembered v. Petrarca, 516 U.S. 124 (1995)] requires that the procedures of § 1452(b), as implemented by Federal Rule of Bankruptcy Procedure 9027, be given effect. The imposition of § 1447(c)'s strict 30-day deadline for challenging procedural defects would be uncomfortably inconsistent with the liberal, 'any equitable ground' approach to bankruptcy remands.")

In addition, the court finds that remand of this action to state court is appropriate on other grounds. Section 1452(b) provides that a court to which a state court action has been removed "may remand such claim or cause of action on any equitable ground." "Among the equitable grounds which courts consider are whether only state law questions are at issue, comity considerations, and the expertise of the court in which the matter was originally brought . . . . Where a suit is not based in federal law and is only tangentially related to a bankruptcy, it is appropriate, for reasons of comity and pragmatism, to remand the case to the more experienced state forum." In re Bay Area Material Handling, Inc., 1995 WL 747954, page 9 (Bankr. N.D. Cal. 1995).

Here the action filed by Plaintiff is an action on a Note and Related Agreements. No federal law questions are raised by this complaint.[1] Further, Mr. Etheridge has indicated that he does not intend to defend either the claim brought against him by the Plaintiff nor any cross-claims filed by Mr. Alvey, regardless of whether the action proceeds in state court or in this

---

[1] Alvey has indicated that he intends to seek an order denying Mr. Etheridge's discharge or an order determining that any debt owed to him is nondischargeble on the grounds that it was incurred by fraud. However, to date, no such claim has been made.

Roger Gould
Roger D. Alvey
Howard M. Levine
July 21, 2006
Page 6

court. Given these facts, I find that equitable considerations support remand of this case to the state court.

As noted Mr. Alvey has filed a notice of appeal from the Order remanding this case and has asked that the court stay that order pending appeal. Under § 1452(b) Mr. Alvey may appeal the remand order to the district court, but has no further right of appeal. It would appear, therefore, that the appeal in this matter will be decided in a relatively short period of time. Given that fact, and the possible harm to Mr. Alvey were the motion to stay denied, I will grant his motion for stay pending appeal.

The court will enter appropriate orders.

Very truly yours,

*Trish M Brown*

Trish M. Brown
Bankruptcy Judge

cc: Thomas M. Renn
United States Trustee